

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____x

EDWARD ZELTMAN,

                          *Plaintiff*

-against-

INFINIGY SOLUTIONS, LLC, CHARLES SMITH,
JEFFREY GUTOWSKI, AND JOHN STEPHENS,

                          *Defendants*

_____x

AMENDED COMPLAINT
No. 1:20-CV-571
(LEK/CFH)
JURY TRIAL DEMANDED

      Plaintiff, Edward Zeltman, for his Amended Complaint against the Defendants, alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action seeking relief and/or damages, authorized by Title I of the American with Disabilities Act of 1990 (42 U.S.C. § 1201, et seq.), (hereinafter called the "ADA"), the Uniformed Services Employment and reemployment Rights Act of 1994 (38U.S.C. §4301 et seq.) (hereinafter called the "USERRA"), and various common law tort causes of action, to address violations of those acts and commissions of those torts.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the action under 28 U.S.C. §§ 1331, 1343(4), and 2201. The Court also has supplemental jurisdiction over Plaintiff's State common law tort claims under 28 U.S.C. 1367.

3. The Northern District of New York is an appropriate venue under 28 U.S.C. §§ 1391 §§ (b)(1), (c)(2), and (d), because Defendants reside in the State of New York and in the Northern District of New York.

## PARTIES

4. Plaintiff was at all relevant times mentioned herein, a resident of Albany County, New York.

5. Defendant Infinigy Solutions, LLC ("Infinigy") is a domestic limited liability corporation organized under the laws of the State of New York and headquartered in Albany County, New York.

6. Defendant Charles Smith ("Smith"), upon information and belief, is a citizen of the State of New York and resident of Albany County, and is regional manager of Infinigy.

7. Defendant Jeffrey Gutowski ("Gutowski"), upon information and belief, is a citizen of the State of New York and resident of Albany County, is Vice President of Construction for Infinigy, and owned an interest in Infinigy.

8. Defendant John Stevens ("Stevens"), upon information and belief, is a citizen of the State of New York and resident of Albany County, and at all relevant times herein, was the chief Executive Officer ("CEO") of Infinigy, and owned a majority interest in Infinigy.

## FACTUAL ALLEGATIONS

9. Plaintiff is a veteran of the United States Army Reserves and was honorably discharged therefrom in 1987.

10. Infinigy hired Plaintiff as a construction manager on January 2, 2019. Plaintiff's duties in that position included coordinating with outside contractors, handling contract bidding, and construction site walks.

11. Defendant Smith was Plaintiff's direct supervisor during Plaintiff's employment with Infinigy.

12. During the course of Plaintiff's employment with Infinigy Defendant Smith constantly and repeatedly made disparaging comments about Plaintiff's status as a military veteran, stating, among other things, that the military never prepared him for his position with Infinigy and calling him names such as "retarded" and "autistic" in reference to his military background.

13. On or about March 13, 2019, Defendant Gutowski told Plaintiff that he would soon be sent to North Carolina to perform heavy work on a construction project there, and this upcoming assignment represented a significant change from his duties up until then, which had not involved heavy labor.

14. On the morning of March 15, 2019, Defendant Gutowski directed Plaintiff and three other employees to travel to Defendant Stevens' home in a rented U-Haul truck for the purpose of retrieving a large saw weighing between 600 and 800 pounds from Stevens' garage, loading it onto the U-Haul truck, driving the U-Haul truck approximately ten miles to another residence, and exchanging the saw for another similar saw being stored in the garage of that residence.

15. While at Stevens' home, while he was walking to Stevens' garage to retrieve Stevens' saw with his coworkers, Plaintiff slipped on ice and landed on his left shoulder. Plaintiff felt like he had not seriously injured himself at that time and continued working.

16. At the other residence, while Plaintiff and his coworkers were loading the other saw into the U-Haul truck, Plaintiff injured his back, after which he was unable to continue working due to the pain.

17. That same day, Plaintiff sought medical treatment from physician's assistant Rebecca Lange, who, after examining him, restricted him from sitting, standing, or driving for more than thirty minutes at a time, from lifting, pushing, or pulling, from bending or twisting, from kneeling or squatting, from prolonged walking, and from operating machinery.

18. On March 18, 2019, Plaintiff told Defendant Smith that because of his March 15 injury, he was unable to perform the heavy work that Infinigy was intending him to perform in North Carolina and asked Smith not to send him there. Smith responded to Plaintiff that he would have to go or he was going to be fired. Later that day, Plaintiff told Defendant Gutowski that he could not perform heavy labor in North Carolina due to his injury and produced a medical note saying the same. Gutowski then told Plaintiff he was fired and commented that "I cant't believe you're doing this to us."

19. Plaintiff's March 15, 2019 injury has substantially limited him from performing the following major life activities: sitting, standing, lifting, pushing, pulling, bending twisting, kneeling or squatting, walking, and operating machinery.

## **EXHAUSTIN OF ADMINISTRATIVE REMEDIES**

20. Plaintiff has obtained a right-to-sue letter from the United States Equal Opportunity Commission, which is annexed hereto as Exhibit 1.

## **CAUSES OF ACTION**

### I. **ADA VIOLATIONS BY DEFENDANT INFINIGY, DEFENDANT STEVENS AND DEFENDANT GUTOWSKI)**

21. Plaintiff realleges and incorporates by reference, paragraphs 1-20.

22. Plaintiff, at the time of his termination from Infinigy, both had a disability within the meaning of the ADA and was perceived by Defendants to have such injury.

23. Plaintiff was qualified to perform the essential functions of his position with Infinigy.

24. Plaintiff's request on March 18, 2019 not to be sent to North Carolina to perform heavy labor due to his injury on March 15, 2019 was a request for a reasonable accommodation within the meaning of the ADA particularly because the actual essential functions of

3

plaintiff's position prior to March 15, 2019 did not involve heavy physical labor. Such a reasonable accommodation would not have posed an undue hardship to Infinigy.

25. Infinigy failed to provide Plaintiff this reasonable accommodation and instead terminated his employment.

26. Defendant Stevens, being the sole or major stockholder of Infinigy, qualifies also as an employer of the Plaintiff, and failed to provide Plaintiff the reasonable accommodation mentioned in paragraph 24 and instead terminated his employment.

27. Defendant Gutowski, being a part owner of Infinigy, qualifies also as an employer of the Plaintiff, and failed to provide Plaintiff the reasonable accommodation mentioned in paragraph 24 and instead terminated his employment.

28. Defendant Infinigy, Defendant Stevens, and Defendant Gutowski have each thereby violated Title I of the ADA, for which Plaintiff is entitled to an award as determined by the trier of fact.


## II    VIOLATION OF USERRA BY DEFENDANT INFINIGY, DEFENDANT GUTOWSKI AND DEFENDANT STEVENS

29. Plaintiff realleges and incorporates by reference, paragraphs 1 to 28.

30. In light of the repeated and constant denigration by defendant Smith, regional manager of Infinigy, of Plaintiff's status as a military veteran, such protected status was a substantial or motivating factor in Infinigy's adverse employment action in terminating Plaintiff.

31. Defendant Stevens, being the majority owner of Infinigy, qualifies also as an employer of the Plaintiff, failed to afford Plaintiff the protected status mandated by the USERR and allowed the unlawful termination of Plaintiff's employment.

32. Defendant Gutowski, being a part owner of Infinigy, qualifies also as an employer of the Plaintiff, failed to afford Plaintiff the protected status mandated by the USERR and allowed the unlawful termination of Plaintiff's employment.

33. Defendant Infinigy, Defendant Stevens and Defendant Gutowski have thereby violated the USERRA of 1994 for which Plaintiff is entitled to an award as determined by the trier of fact.

## III   PRIMA FACIE TORT AGAINST All DEFENDANTS

34. Plaintiff realleges and incorporates by reference, paragraphs 1 to 33.

35. Upon information and belief, each of the Defendants, acting in concert with each other, or conspiring with each other, or aiding and abetting each other, intentionally, without justification or excuse, with malice towards the Plaintiff, and with the sole motivation to cause harm to the Plaintiff, committed the following series of acts:

    a) Manipulated and/or deleted relevant e-mails, documents, or other evidence relative to Plaintiff's work performance, injuries, termination, worker's compensation claim, and New York State Human Rights violation claims.

    b) Provided false, incomplete, or misleading information or statements to insurance company representatives relative to Plaintiff's injuries, termination, and worker's compensation claim.

    c) Provided false, incomplete, or misleading information or statements to the New York State Human Rights Board relative to Plaintiff's work performance, injuries, termination, worker's compensation claim, and discrimination claims.

    d) Provided false, incomplete, or misleading testimony or statements in New York State administrative hearings relative to Plaintiff's work performance, injuries, termination, worker's compensation claim, and discrimination claims.

36. The above series of acts of the defendants resulted in special damages to the Plaintiff in that to date he has still not received any Workers Compensation benefits, including medical expenses to date of approximately $5,000, lost wages to date of $74,100, and also caused Plaintiff to suffer severe emotional distress resulting in a nervous breakdown requiring medical treatment and medication, all for which Plaintiff is entitled to an award against each of the Defendants, as determined by the trier of fact.

## IV   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST All DEFENDANTS

37. Plaintiff realleges and incorporates by reference, paragraphs 1 to 36.

38. Upon information and belief, each of the Defendants, acting in concert with each other, or conspiring with each other, or aiding and abetting each other, intentionally or recklessly committed the following series of outrageous acts:

a) Manipulated and/or deleted relevant e-mails, documents, or other evidence relative to Plaintiff's work performance, injuries, termination, worker's compensation claim, and New York State Human Rights violation claims.

b) Provided false, incomplete, or misleading information or statements to insurance company representatives relative to Plaintiff's injuries, termination, and worker's compensation claim.

c) Provided false, incomplete, or misleading information or statements to the New York State Human Rights Board relative to Plaintiff's work performance, injuries, termination, worker's compensation claim, and discrimination claims.

d) Provided false, incomplete, or misleading testimony or statements in New York State administrative hearings relative to Plaintiff's work performance, injuries, termination, worker's compensation claim, and discrimination claims.

39. The above series of outrageous acts of the defendants resulted in Plaintiff suffering severe emotional distress resulting in a nervous breakdown requiring medical treatment and medication, for which Plaintiff is entitled to an award against each Defendant as determined by the trier of fact.

## V.     NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST All DEFENDANTS

40. Plaintiff realleges and incorporates by reference, paragraphs 1 to 39.

41. Upon information and belief, each of the Defendants, acting in concert with each other, or conspiring with each other, or aiding and abetting each other, negligently committed the following series of outrageous acts:

a) Deleted e-mails, documents, or other evidence relative to Plaintiff's work performance, injuries, termination, worker's compensation claim, and New York State Human Rights violation claims.

b) Submitted false, incomplete, or misleading e-mails, documents, or other evidence relative to Plaintiff's work performance, injuries, termination, worker's compensation claim, and New York State Human Rights violation claims.

c) Provided false, incomplete, or misleading information or statements to insurance company representatives relative to Plaintiff's injuries, termination, and worker's compensation claim.

d) Provided false, incomplete, or misleading information or statements to the New York State Human Rights Board relative to Plaintiff's work performance, injuries, termination, worker's compensation claim, and discrimination claims.

    e) Provided false, incomplete, or misleading testimony or statements in New York State administrative hearings relative to Plaintiff's work performance, injuries, termination, worker's compensation claim, and discrimination claims.

42. The above series of outrageous acts of the defendants resulted in Plaintiff suffering severe emotional distress resulting in a nervous breakdown requiring medical treatment and medication, for which Plaintiff is entitled to an award against each Defendant as determined by the trier of fact.

## JURY TRIAL DEMANDED

43. A jury trial is demanded on all issues triable by jury.

**WHEREFORE,** Plaintiff respectfully prays that this Court enter judgment granting Plaintiff:

1. A declaration that the acts and omissions described herein violated Plaintiff's rights under the ADA and the USERRA;

2. Compensatory damages in an amount to be adduced at trial against each Defendant jointly and severally;

3. Punitive damages in an amount to be adduced at trial against each Defendant jointly and severally;

4. Plaintiff's costs in this suit;

5. Any additional relief as this court deems just, proper, and equitable.

Dated: September 21, 2020
       Albany, New York

Respectfully Submitted,

EDWARD ZELTMAN
*Plaintiff*
3705 Ponderosa Road
Malabar, Florida 32950
(321) 313-2698
zeltmaned@hotmail.com